UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**ESTHER GRIZELDA TOE-
MCPHERSON,**

      **Plaintiff,**

**v.**                                                     **Case No: 5:24-cv-327-JSM-PRL**

**LAKEVIEW HEALTHCARE
SYSTEMS,**

      **Defendant.**

_____

### ORDER

This cause comes before the Court on a Motion to Withdraw as Counsel for Plaintiff ("Motion to Withdraw") (Doc. 33) filed by Plaintiff's counsel, Jay Romano, and a Motion to Stay Ruling on Defendant's Motion to Enforce Settlement Agreement and for Time for New Counsel to Appear and Respond ("Motion to Stay") (Doc. 37) filed by Plaintiff. Defendant filed responses opposing each motion. (Docs. 35 & 39). For the reasons stated below, the Court will grant the Motion to Withdraw and deny as moot the Motion to Stay.

## I.    BACKGROUND

In this employment discrimination action, Plaintiff sued Defendant for alleged violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and the Florida Civil Rights Act, Fla. Stat. § 760.01 *et seq.*, based on race and national origin discrimination, retaliation, and constructive termination. (Doc. 1). According to her complaint, Plaintiff was a former employee of Defendant, where she worked as a nurse practitioner for over three months from March 4, 2024 until her termination on June 13, 2024. (*Id*. at ¶¶ 3, 5).

About one month before discovery was set to close, Plaintiff—by and through her counsel, Jay Romano—filed a notice of settlement on April 7, 2025, notifying the Court that the parties had reached a settlement of all claims in the action, and anticipated filing a stipulation of dismissal with prejudice within 30 days once the settlement documentation had been fully executed. (Doc. 30). Later that day, the Court dismissed the case without prejudice; ordered the parties within 60 days to submit a stipulated form of final order or judgment should they so choose, or for any party to move to reopen the action upon good cause shown; and directed the Clerk to close the file. (Doc. 31). In its Order, the Court advised that after the 60-day period, dismissal shall be with prejudice. (*Id*.). The Clerk closed the case on April 7, 2025.

On May 1, 2025, about three weeks after the Court entered its 60-day Order of dismissal and closed the case, Mr. Romano filed the instant Motion to Withdraw, moving to withdraw as counsel for Plaintiff pursuant to Local Rule 2.02(c) of the Middle District of Florida and Rule 4-1.16(b) of the Rules Regulating the Florida Bar "due to a breakdown in the attorney-client relationship and communication regarding a potential settlement of this matter." (Doc. 33 at pp. 1-2). Mr. Romano contends that this breakdown in the attorney-client relationship has rendered his continued effective representation of Plaintiff unreasonably difficult and, therefore, constitutes sufficient grounds for withdrawal under the Florida Rules of Professional Conduct. (*Id*. at p. 2). In a section entitled "Position of Opposing Counsel" in the Motion to Withdraw, Mr. Romano represents that Defendant's counsel, Jose Ignacio Leon, objects to his withdrawal from the case, asserting that Mr. Romano may be needed for the enforcement of the settlement agreement. (*Id*. at pp. 3-4). As a result, Mr. Romano requests that the Court (1) grant the Motion to Withdraw to permit him to withdraw

- 2 -

as Plaintiff's counsel in this matter, (2) allow Plaintiff to retain new counsel within 30 days from the entry date of the Order, failing which she shall be deemed to be proceeding *pro se*; and (3) stay all proceedings and deadlines in this case for 30 days while Plaintiff attempts to secure new counsel. (*Id.* at pp. 4-5).

Shortly thereafter, on May 15, 2025, Defendant filed a Motion to Enforce Settlement Agreement (which is currently pending with the Court), requesting that the Court direct Plaintiff to execute the settlement agreement agreed to by the parties and dismiss the case with prejudice, or alternatively, to set an evidentiary hearing on any issue regarding the settlement agreement, including Mr. Romano's authority to settle the case. (Doc. 36 at p. 7).[1] That same day, Defendant filed a response in opposition to the Motion to Withdraw, arguing, in part, that Mr. Romano must remain as counsel for Plaintiff pending resolution of the Motion to Enforce Settlement Agreement because if any factual issues concerning the settlement arise (including issues relating to Mr. Romano's authority), Mr. Romano must be available for an evidentiary hearing. (Doc. 35 at pp. 1-2).

In connection with the request to stay in the Motion to Withdraw, Plaintiff filed the instant Motion to Stay as a separate motion on May 15, 2025, requesting that the Court stay any ruling on Defendant's Motion to Enforce Settlement Agreement until after resolution of the Motion to Withdraw. (Doc. 37). Defendant filed a response in opposition to the Motion to Stay, asserting that the Court should rule on the Motion to Enforce Settlement Agreement without a stay because Plaintiff has not met her burden demonstrating that a stay is warranted. (Doc. 39 at pp. 2-3).

---

[1] No response has been filed to the Motion to Enforce Settlement Agreement to date.

The Court held a hearing on the pending Motion to Withdraw (Doc. 33), the Motion to Enforce Settlement Agreement (Doc. 36), and the Motion to Stay (Doc. 37) on June 26, 2025. (Docs. 40 & 41). Mr. Romano and Mr. Leon made an appearance at the hearing. (Doc. 41). Plaintiff, who was notified of the hearing by Mr. Romano, failed to appear. (*Id.*).

## II. DISCUSSION

To begin, Mr. Romano seeks to withdraw as counsel for Plaintiff under Rule 4-1.16(b) of the Rules Regulating the Florida Bar and Local Rule 2.02(c) of the Middle District of Florida, which governs attorney withdrawal in this District. (Doc. 33). Florida Bar Rule 4-1.16(b) allows withdrawal if: (1) "withdrawal can be accomplished without material adverse effect on the interests of the client;" (2) "the client insists upon taking action that the lawyer consider repugnant, imprudent, or with which the lawyer has a fundamental disagreement;" (3) "the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled;" (4) "the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client;" or (5) "other good cause for withdrawal exists." *See* R. Regulating Fla. Bar. 4-1.16(b).

Local Rule 2.02(c), in relevant part, permits counsel to withdraw if he (1) provides notice to each affected client 14 days before moving to withdraw, unless the client consents to the withdrawal; and (2) includes with his motion the client's contact information if withdrawal will result in a person proceeding *pro se*. *See* M.D. Fla. Local Rule 2.02(c)(1). Local Rule 2.02(c) further provides that "[i]f withdrawal might cause the continuance of a trial, a lawyer cannot withdraw absent a compelling ethical problem, emergency, disability, or death. *See* M.D. Fla. Local Rule 2.02(c)(3).

Upon consideration of the Motion to Withdraw, Mr. Romano's statements and representations made on the record in the hearing, and the circumstances presented here, the Court finds that Mr. Romano has demonstrated that withdrawal is warranted in this instance in accordance with Florida Bar Rule 4-1.16(b) and Local Rule 2.02(c). *See Lasswell Found. for Learning & Laughter, Inc. v. Schwartz*, No. 8:17-cv-46-JDW-CPT, 2022 WL 17835004, at *1 (M.D. Fla. Mar. 16, 2022) ("[W]hether an attorney is justified in withdrawing from a case will depend on the particular circumstances at issue.") (internal quotation marks and citation omitted). As required under Local Rule 2.02(c), Mr. Romano provided the Plaintiff with the requisite notice of his intent to withdraw[2] and included Plaintiff's contact information in the motion (Doc. 33 at p. 3). As for Florida Bar Rule 4-1.16(b), Mr. Romano has shown that withdrawal will not have a materially adverse impact on the interests of the Plaintiff.[3] The Court notes in this regard that the case is currently closed with a pending Motion to Enforce Settlement Agreement (Doc. 36) to be resolved. Furthermore, the 30-day deadline set forth below affords the Plaintiff ample time to retain new counsel should she so choose. *See Portnoy v. United States*, 811 F. App'x 525, 531 (11th Cir. 2020) ("Permission to withdraw pursuant to Florida Bar Rule 4-1.16 . . . is proper if the attorney can show that the withdrawal will not prejudice the client.") (internal quotation marks and citation omitted). Therefore, for the foregoing reasons, Mr. Romano will be permitted to withdraw from his representation of Plaintiff in this matter.

---

[2] Mr. Romano stated at the June 26, 2025 hearing that he had notified the Plaintiff of his intent to withdraw as counsel, although he did not provide a specific date of when that notice was provided to Plaintiff. The Court finds such notice sufficient, given the amount of time that has passed since the filing of the Motion to Withdraw, and the particular facts and procedural posture of this action.

[3] As a result of this determination, the Court need not resolve the competing version of events that might have led up to Mr. Romano's filing of the Motion to Withdraw at this juncture.

III.   CONCLUSION

Accordingly, upon due consideration, it is **ORDERED** that:

(1) The Motion to Withdraw as Counsel for Plaintiff (Doc. 33) is **GRANTED**. Attorney Jay Romano is relieved of any further responsibility for the representation of Plaintiff in this action. The Clerk is directed to remove Jay Romano from the CM/ECF filing system for this case.

(2) Attorney Jay Romano is **directed** to forward a copy of this Order to Plaintiff Esther Grizelda Toe-McPherson.

(3) In light of attorney Jay Romano's withdrawal, Plaintiff Esther Grizelda Toe-McPherson is left without representation and will proceed *pro se*. Unless and until Plaintiff retains new counsel, all pleadings and papers shall be served on her at the following address: 5077 Spanish Harbor Drive, Wildwood, Florida 34785. Plaintiff's email address is grizelda791@gmail.com, and her phone number is (561) 267-7068. **If Plaintiff's contact information changes, it is Plaintiff's responsibility to file a notice informing the Court and the other parties of her new contact information**.

(4) On or before **July 25, 2025**, **Plaintiff shall** file a notice of appearance of new counsel or notify the Court that she intends to proceed *pro se*. **Failure to file a notice of appearance of new counsel or notice of her intention to proceed *pro se* within the time prescribed shall result in the recommendation of a final order of dismissal of this action for lack of prosecution.**

(5) Should Plaintiff file a timely notice of appearance of new counsel or notice of her intention to proceed *pro se*, Plaintiff shall then have **14 days** from the date that her

notice of appearance of new counsel or notice of her intention to proceed *pro se* is filed to file a response to Defendant's Motion to Enforce Settlement Agreement (Doc. 36).

(6) In light of the Court's Order granting the relief sought in the Motion to Withdraw as Counsel for Plaintiff (Doc. 33), Plaintiff's Motion to Stay Ruling on Defendant's Motion to Enforce Settlement Agreement and for Time for New Counsel to Appear and Respond (Doc. 37) is **DENIED as moot**.

Plaintiff is cautioned that despite proceeding *pro se*, she is required to comply with this Court's Local Rules, the Federal Rules of Civil Procedure, and the Federal Rules of Evidence. Plaintiff may obtain a copy of the Local Rules from the Court's website (http://www.flmd.uscourts.gov) or by visiting the Office of the Clerk of Court. Additionally, resources and information related to proceeding in court without a lawyer, including a handbook entitled "Guide for Proceeding Without a Lawyer," can be located on the Court's website (http://www.flmd.uscourts.gov/pro_se/default.htm). Plaintiff should also consult the Middle District of Florida's Civil Discovery Handbook for a general discussion of this District's discovery practices (http://www.flmd.uscourts.gov/civil-discovery-handbook).

**DONE** and **ORDERED** in Ocala, Florida on June 27, 2025.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties