## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## OCALA DIVISION

**ESTHER GRIZELDA TOE-MCPHERSON,**

    **Plaintiff,**

**v.**                                                       **Case No: 5:24-cv-327-JSM-PRL**

**LAKEVIEW HEALTHCARE SYSTEMS,**

    **Defendant.**

_____

### REPORT AND RECOMMENDATION[1]

This cause is before the Court on the Court's June 27, 2025 Order. (Doc. 43). On June 27, 2025, the Court granted a Motion to Withdraw as Counsel for Plaintiff filed by Plaintiff's counsel, Jay Romano, leaving the Plaintiff *pro se*, and directed Mr. Romano to forward a copy of the Court's Order to the Plaintiff.[2] (*Id*. at p. 6). Plaintiff was then directed to either obtain new counsel or notify the Court of her intention to proceed *pro se* on or before July 25, 2025. (*Id*.). The Court's June 27, 2025 Order advised Plaintiff that "[f]ailure to file a notice of appearance of new counsel or notice of her intention to proceed *pro se* within the time prescribed shall result in the recommendation of a final order of dismissal[3] of this action for

---

[1] Within 14 days after being served with a copy of the recommended disposition, a party may file written objections to the Report and Recommendation's factual findings and legal conclusions. *See* Fed. R. Civ. P. 72(b)(2); Fed. R. Crim. P. 59(b)(2); 28 U.S.C. § 636(b)(1)(C). A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

[2] A review of the docket reveals that Plaintiff was also provided with an electronic copy of the Court's June 27, 2025 Order sent to her e-mail address on file on July 16, 2025.

[3] Notably, following the filing of the Notice of Settlement (Doc. 30), the Court entered a 60-Day Order of Dismissal on April 7, 2025, dismissing the case and directing the Clerk to close the file (Doc. 31). The Clerk closed the case later that day. The case remains closed to date.

lack of prosecution." (Doc. 43 at p. 6). A review of the file reveals that Plaintiff has not retained counsel or filed a notice of her intention to proceed *pro se*, and the time to do so has now passed. Plaintiff has therefore failed to comply with the Court's June 27, 2025 Order, and has not otherwise demonstrated her desire to prosecute this case in compliance with the Local Rules.

Accordingly, it is **respectfully recommended** that:

(1) This case be **DISMISSED** for failure to prosecute pursuant to Local Rule 3.10.

(2) All pending motions be **DENIED as moot**.

**Recommended** in Ocala, Florida on August 8, 2025.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy